Lessee of GEORGE HARRIS *vs* JOHN BURTON, Tenant.

The acknowledgment of a deed before a notary public of the State, must be *within* the State.

A married woman cannot make a valid deed of her own lands, so as to bind even her own interest, without her husband being a party.

THIS was an action of ejectment for certain lands in Sussex county. The plaintiff's title rested on a deed from James B. Collins and wife to George Harris for the land in question, being the land of the wife. The deed was objected to for want of due execution and acknow-. ledgment. The certificate of acknowledgment of the deed was as follows :—

*The State of Delaware, Sussex county*, ss.    Be it remembered, that on the 29th day of Dec. 1840, at the city of Philadelphia, in the State of Pennsylvania, James B. Collins, party to the foregoing indenture, personally came before me, George Frame, of Sussex county, a notary and tabellion public of the State of Delaware, and did acknowledge the same indenture to be his deed: And be it further remembered, that on the thirty-first day of the month and year aforesaid, Nancy Collins, wife of the said James B. Collins, and also a party to the foregoing indenture, personally came before me, the said George Frame, at Broadkiln hundred in the said county of Sussex, and she, upon private examination taken by me apart from her said husband, did acknowledge the said indenture to be her deed, and that she executed the same willingly, without compulsion or threats, or fear of her husband's displeasure.    In witness whereof, I have hereto set my hand and affixed my notarial seal at Nanticoke hundred in the county aforesaid, the day and year last aforesaid.

(Signed) GEORGE FRAME, N. & T. P.

*Cullen.*—This acknowledgment is invalid, null and void.    George

Frame had no right to take the acknowledgment out of the State; such acknowledgment should have been taken by the State's commissioner there. (1 *Johns. Rep.* 497.)

*Wootten.*—Why should not Mr. Frame, having full authority as a notary public to take the acknowledgment of deeds in this State, equally have authority to take the acknowledgment out of the State for lands within the State? But it does not matter to us whether the acknowledgment of James B. Collins was taken regularly or not; we do not claim under James B. Collins, but under Nancy Collins, his wife, (he being now dead,) and her acknowledgment is regularly taken.

*Cullen.*—That position assumes that a married woman can make a deed without her husband. As to James B. Collins, this is no deed. At common law the wife could not make a deed. She is competent to do so only by force of our act of assembly, which makes the deed of a married woman *"to which her husband is also a party,"* valid against her when she is privately examined as the law directs, but not otherwise. The plain letter of the law, as well as good policy, require that this should be a joint action of husband and wife; and that the deed of the wife made without her husband, should not be valid.

*Court.*—The question now before the court is, whether a deed purporting to be the deed of husband and wife, acknowledged by the husband in the city of Philadelphia, in Pennsylvania, before a notary public of this State, and acknowledged by the wife before the same notary within the State can be read in evidence without proof of the execution. As to the acknowledgment of the husband, the question is whether George Frame, a notary public of this State can do an official act out of the State. The taking the acknowledgment of a deed is an official, perhaps a judicial act, and the authority of the public officer cannot extend beyond the limits of his appointment. George Frame is a notary public of the State of Delaware, appointed to act as such notary within the State, and his acts done out of the State are unofficial. The law makes provision for such acknowledgments out of the State, and there is no necessity any more than reason for extending the power of the notary beyond the limits of the State. But it is contended, that inasmuch as the lands belonged to the wife, and that her acknowledgment was taken before the notary within the State, that the deed is valid as to her. We think the policy as well as the letter of the law, requires that the husband shall

be a party to any deed in which a married woman binds herself. This is for her protection, and it is a reasonable protection.

               Deed ruled out, and the plaintiff nonsuited.

*Wootten*, for plaintiff.

*Cullen*, for defendant.